**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THURMAN HARRISON, JR.,

  Plaintiff-Appellant,

v.

STEVEN GREEN and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

  Defendants-Appellees.

No. 04-1026
(D.C. No. 02-RB-2429 (OES))
(Colorado)

---

**ORDER**[*]

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

  Thurman Harrison, Jr., proceeding *pro se*, seeks a certificate of
appealability (COA) to challenge the district court's denial of his petition for writ
of habeas corpus under 28 U.S.C. § 2254. He also requests leave to proceed on
appeal *in forma pauperis* (*ifp*). We liberally review Mr. Harrison's application
for relief. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). Doing so, we

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument.

find no basis for an appeal and deny the COA and Mr. Harrison's request to proceed *ifp* substantially for the reasons set forth in the magistrate judge's Recommendation for Dismissal.

Mr. Harrison is currently in the custody of the Colorado Department of Corrections serving sentences for various theft charges to which he pled guilty. His conviction and sentences were affirmed on direct appeal. His subsequent request for state post conviction relief was denied by the state trial court and affirmed on appeal.

In his federal habeas action, Mr. Harrison raises a number of issues. First, he alleges his due process rights were violated because he was not fully advised of the elements of the crime to which he pled guilty, in particular the mens rea of specific intent. Second, he contends his equal protection rights were violated. Specifically, he claims the trial court discriminated against him by determining that because of his education, business experience, and prior criminal record, he was able to understand the charges against him despite the court's failure to specifically articulate to him the crime's specific elements. Third, he argues he received ineffective assistance of counsel. Fourth, he posits he received a constitutionally infirm sentence advisement when the sentencing court failed to explain the nature of mandatory parole.

Mr. Harrison's case was referred to a magistrate judge who first determined

that Mr. Harrison had failed to exhaust all of his claims. Treating Mr. Harrison's habeas action as a mixed petition, the magistrate examined each of Mr. Harrison's claims on the merits and recommended that the petition be dismissed. *See Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (district court faced with habeas petition containing unexhausted claims may deny entire petition on the merits). The district court adopted the magistrate judge's recommendation and dismissed the petition.

The issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied when the petitioner demonstrates that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 336. Such an initial inquiry does not mandate a full examination of the factual or legal arguments presented to support the claims. "In fact, the statute forbids it." *Id.* While Mr. Harrison, in applying for a COA, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith

on his . . . part." *Id.* at 338 (internal quotation and citation omitted).

In reviewing Mr. Harrison's claim that he was not sufficiently advised of the elements of theft by deception, the magistrate judge noted that the state appellate court, in rejecting Mr. Harrison's claim on post-conviction relief, concluded his guilty pleas were knowing and voluntary and that he understood all the elements of the theft charges. Likewise, the state appellate court "did not apply a legal standard 'diametrically different' from, 'opposite in character or nature' from, or 'mutually opposed' to the correct legal standard." Rec., doc. 20 at 7 (citing *Williams v. Taylor*, 529 U.S. 362, 405-13 (2000)). The magistrate judge further reasoned Mr. Harris had failed to present clear and convincing evidence that the state court made an unreasonable determination of the facts. Second, in addressing Mr. Harrison's equal protection claim, the magistrate judge noted, in part, that Mr. Harrison failed to show he was a member of a suspect class. Under a rational basis review, the judge concluded that consideration of Mr. Harrison's education, intelligence, and prior experience in the criminal justice system as means to determine whether his plea was knowing and voluntary, did not rise to the level of an equal protection violation.

Mr. Harrison's ineffective assistance of counsel claim was based on the allegations that counsel failed to show him his pre-sentence report and did not

confer with him until a few minutes before his sentencing hearing.[1]  Mr. Harrison also claimed his attorney was ineffective for not fully explaining to him the elements of the theft charge.  In rejecting these claims, the judge held that Mr. Harrison failed to show his attorneys' alleged failings caused him any prejudice under the second prong of the *Strickland* standard.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Likewise, the judge noted that even if Mr. Harrison's attorney did not fully advise him of all the elements included in the theft charge, Mr. Harrison had prior notice of the elements as a result of his numerous previous felony convictions for theft or theft-related activities.  *See Miller v. Champion*, 161 F.3d 1249, 1255 (10th Cir. 1998).  Finally, Mr. Harrison alleged the sentencing court gave him a constitutionally infirm advisement regarding the mandatory parole period aspect of his sentence.  The judge rejected this claim, determining to the contrary that Mr. Harrison had indeed been properly advised as to his sentence.

In light of the Supreme Court's guidance regarding the standards by which we must evaluate a request for a COA, we have carefully reviewed the record of these proceedings, the detailed recommendation of the magistrate judge, and the district court's adoption of the same, as well as Mr. Harrison's submissions to our

---

[1]Mr. Harrison was represented by three different attorneys at various stages of the proceedings.

court.  Having done so, we conclude reasonable jurists would not debate the district court's resolution of Mr. Harrison's claims.  We therefore **DENY** the COA, dismiss the appeal, as well as Mr. Harrison's request to proceed *ifp*.

SUBMITTED FOR THE COURT


Stephanie K. Seymour
Circuit Judge