**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THURMAN HARRISON, JR.,

      Petitioner-Appellant,

v.

WARDEN OF THE FREMONT
CORRECTIONAL FACILITY, and
EXECUTIVE DIRECTOR OF THE
COLORADO DEPARTMENT OF
CORRECTIONS,

      Respondents-Appellees.

No. 09-1298
(D.C. No. 08-cv-2784-ZLW)
(D. Colo.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Thurman Harrison, Jr., a Colorado state prisoner proceeding *pro se*, applies

for a certificate of appealability (COA) to contest the district court's dismissal of

his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because Mr.

Harrison's current petition relies upon legal arguments we have already rejected,

we deny his application.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1996, Mr. Harrison pleaded guilty to theft and was sentenced by a Colorado state court to three consecutive terms of six years of imprisonment, followed by three years of mandatory parole. Seeking to challenge his plea, Mr. Harrison has already appeared before this court at least four times. In each of his first three appearances, we denied Mr. Harrison's COA applications, holding, in response to his argument that "the sentencing court failed to explain the nature of mandatory parole," that Mr. Harrison was indeed "properly advised" by the district court. *Harrison v. Green*, 125 F. App'x 952, 953-55 (10th Cir. 2005) (unpub.); *cf. Harrison v. Ray*, 117 F. App'x 621, 622 n.1 (10th Cir. 2003) (unpub.).

In Mr. Harrison's most recent appearance before this court, filed under § 2254, he suggested that the State is *currently* imprisoning him beyond the terms of his sentence. We held that this argument sounded in § 2241, rather than § 2254, because it challenged the execution of his sentence rather than its validity; accordingly, we dismissed the petition so that Mr. Harrison could re-file under the proper statutory authority. *In re Harrison*, No. 08-1359 (10th Cir. Oct. 29, 2008) (unpub.). At the same time, we "caution[ed]" Mr. Harrison that "he may not base his proposed § 2241 claims on any theory or argument that his present sentence, as imposed, is unlawful. . . . [A] claim challenging the validity . . . of his sentence, as it was imposed, can only be brought under § 2254." *Id.* at 3-4.

After Mr. Harrison brought his challenge, revised and denominated as one sounding in § 2241, the district court dismissed it as untimely. The district court held that Mr. Harrison's § 2241 petition was barred by § 2244(d)(1)'s one-year limitation period because his conviction became final on November 1, 1997, yet he did not file his current application until December 23, 2008. *See Harrison v. Warden of the Fremont Corr. Facility*, No. 08-cv-2784-BNB, 2009 WL 1765666 (D. Colo. June 22, 2009).

Mr. Harrison seeks a COA to challenge the district court's disposition. 28 U.S.C. § 2253(c)(1)(A); *see also Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000). Because the district court dismissed his petition on procedural grounds, Mr. Harrison must show two things in order to obtain that COA: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Harrison's application fails on the first *Slack* test. Even bearing in mind the solicitous construction due Mr. Harrison's *pro se* pleadings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), "jurists of reason" could not debate that they fail to "state[] a valid claim of the denial of a constitutional right," s*ee Slack*, 529 U.S. at 484. Mr. Harrison's claim that he is being unlawfully confined turns out merely to revive his previous § 2254 petitions

- 3 -

arguing that the sentencing court failed to clarify that three years of mandatory parole would follow eighteen years of incarceration. As Mr. Harrison puts it:

> The trial court did not inform[] Mr. Harrison at anytime during his advis[e]ments and sentencing hearings that the period of mandatory parole is in addition to his sentence or that the period of mandatory parole is a distinct element of sentencing, separate from the term of incarceration or length of the sentence imposed by the court.

Appellant's Opening Br. at 11. This, of course, is a challenge to the validity of his sentence, not its execution. And it is, of course, a challenge we have previously considered and rejected, having expressly and long ago found that Mr. Harrison was properly advised by the sentencing court and that his sentence was constitutionally imposed. *See Green*, 125 F. App'x at 954-55. Under the law of the case doctrine, we are not free to reconsider that prior panel's ruling. *See Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 823 (10th Cir. 2007). The arrival of the date on which Mr. Harrison wrongly believes he should have been released from prison does not change the legal character of his claim, and Mr. Harrison raises no other distinct issues for appeal. We see no debatable federal constitutional violation here.[1]

Because Mr. Harrison's COA application fails on *Slack*'s first test, we have no need to reach *Slack*'s second and assess the correctness of the district court's procedural ruling. Because Mr. Harrison has failed to demonstrate "the existence

---

[1] Mr. Harrison also cites Colorado state law in his challenge of his sentence, but "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997), his motion for leave to proceed *in forma pauperis* is denied, along with his application for a COA, and his appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge