**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 13, 2005**

**TENTH CIRCUIT**

GREGORY L. COLLINS,

      Petitioner - Appellant,

v.

STATE OF KANSAS; DAVID R.
MCKUNE, Warden, Lansing
Correctional Facility,

      Respondent-Appellee.

No. 05-3105
(D. Kansas)
(D.Ct. No. 02-CV-3429-SAC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Gregory L. Collins, a state prisoner appearing *pro se*,[1] seeks a certificate of

appealability ("COA") allowing him to appeal the district court's order denying

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318
F.3d 1183, 1187 (10th Cir. 2003).

his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Because we conclude Collins' plea was entered voluntarily and intelligently, we deny a COA and dismiss the appeal.

The parties are familiar with the facts and we need not restate them here. Collins argues his February 28, 2000 plea of no contest to charges of aggravated battery, aggravated kidnaping, aggravated robbery, and aggravated assault, for which he was subsequently sentenced to 267 months imprisonment by a Kansas state court, should have been withdrawn because his trial counsel's performance was inadequate and consequently his plea was entered without an understanding of his constitutional rights.

After careful consideration of the materials submitted by Collins against a backdrop of the state court record, we hold the district court's conclusions are not reasonably debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). The circumstances surrounding Collins' entry of plea demonstrates it was entered voluntarily and intelligently. The plea agreement specified that Collins' sentence would be determined based on criminal history, which was not fully known at the time of the plea agreement. Prior to accepting Collins' plea, the Kansas trial

---

[2] On January 4, 2005, Collins filed a *pro se* notice of appeal with this Court which we construe as an application for a COA. FED. R. APP. P. 22(b)(2). The district court granted Collins' motion to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a) and FED. R. APP. P. 24(a)(2).

court examined his understanding of the rights waived by pleading no contest to the charges. The Court also advised Collins orally and in writing of the sentencing range and that the sentence would be determined based on his criminal history. Only after the sentence was imposed did Collins claim his counsel was ineffective and his plea should be withdrawn. After appointing new counsel and hearing argument on Collins' claims, the trial court rejected his request to withdraw his plea. The Kansas Court of Appeals considered and rejected Collins' claim and affirmed the trial court's determination that his plea was entered knowingly and voluntarily. *See Kansas v. Collins*, No. 85,825 (Kan. Ct. App. Oct. 1, 2001), *rev. denied* December 18, 2001.[3] The state appellate decision was not contrary to "clearly established federal law." 28 U.S.C. § 2254(d)(1). *See* FED. R. CRIM. P. 11(b). Discontent with the actual sentence imposed is not a basis to withdraw a plea or claim ineffective assistance of counsel, especially where the defendant has been advised prior to the entry of his plea, both by his counsel and the court, of the possible sentencing range, warned of the role of criminal history in sentencing, and given an opportunity to ask questions or object. *See United*

---

[3] It does not appear from the record that Collins raised ineffective assistance of counsel before the Kansas appellate court. The court only noted that Collins' petition before the trial court was supported by complaints of ineffective assistance of counsel. Thus, Collins has not exhausted his state court remedies with respect to his ineffective assistance claim. However, the district court addressed the unexhausted claim in order to resolve the entire petition on the merits. *See Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002); 28 U.S.C. § 2254(b)(2).

*States v. Elias*, 937 F.2d 1514, 1520 (10th Cir. 1991).

For substantially the same reasons set forth by the district court, we **DENY**

Collins' request for a COA and **DISMISS** the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge