**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

REYNALDO TANGUMA,

      Petitioner-Appellant,

v.

GARY GOLDER; and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 05-1339
(D.C. No. 05-CV-00515-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **KELLY**, **MCKAY**, and **LUCERO**, Circuit Judges.

---

Reynaldo Tanguma, a state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the

district court, we **DENY** a COA and **DISMISS**.

Tanguma was convicted by a jury of sexual assault on a child while in a

position of trust for forcing his eleven-year-old half-sister to engage in sexual

acts with him and his wife. After the Colorado Court of Appeals rejected his

appeal, Tanguma filed for a writ of certiorari from the Colorado Supreme Court,

arguing that his conviction should be reversed because of erroneously admitted testimony. His petition was denied.

Tanguma followed the denial of his writ of certiorari with a motion for post-conviction relief in state court, claiming ineffective assistance of counsel. This motion was denied and was not appealed. A second motion for post-conviction relief followed, alleging that he was entitled to a new trial on the basis of newly discovered evidence and that he had received ineffective assistance of counsel. This motion was denied and the appeal was rejected by the court of appeals.

Instead of seeking review from the Colorado Supreme Court, Tanguma filed a habeas petition under § 2254. He claimed that his right to a fair trial was denied, that he had received ineffective assistance of counsel and that a trial court ruling impinged upon his right against self-incrimination. A magistrate judge ordered Tanguma to show cause that he had exhausted his state remedies. Following Tanguma's response, the magistrate judge determined that, although Tanguma may have exhausted state remedies for some of his claims, he did not do so for all claims. The district court then dismissed Tanguma's petition without prejudice on the ground that it was a mixed petition containing exhausted and

unexhausted claims. Failing to secure a COA from that court, Tanguma now seeks a COA from this court.[1]

Under 28 U.S.C. § 2254(b)(1), habeas corpus may not be granted unless the applicant has exhausted the remedies available in the state courts. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Tanguma acknowledged that he did not raise all of his claims in front of the Colorado Supreme Court. Tanguma therefore did not exhaust these claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (federal courts may not grant habeas corpus unless the prisoner has "given the state courts one full

---

[1] Tanguma's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Tanguma to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Tanguma a COA, he may not appeal the district court's decision absent a grant of COA by this court.

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Tanguma, however, also presented claims in his habeas petition for which he had exhausted the remedies available in the state courts. A district court faced with a mixed petition "may dismiss the petition and allow the petitioner to return to state court to exhaust his claims [or] . . . . it may deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies." Moore v. Schoeman, 288 F.3d 1231. 1232 (10th Cir. 2002) (citations omitted). The district court's decision to dismiss Tanguma's petition without prejudice was proper.

For the reasons set forth above, Tanguma's request for a COA is **DENIED** and the appeal is **DISMISSED**. His motion to proceed in forma pauperis is granted.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge