**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN HARRINGTON,

      Petitioner-Appellant,

v.

LARRY REID; JOHN SUTHERS, the
Attorney General for the State of
Colorado,

      Respondents-Appellees.

No. 06-1016
(District of Colorado)
(D.C. No. 04-CV-551-LTB-CBS)

**ORDER**

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, Steven D. Harrington seeks a certificate of appealability
("COA") from this court so he can appeal the district court's denial of his 28
U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no
appeal may be taken from a final order disposing of a § 2254 petition unless the
petitioner first obtains a COA). Because Harrington has not "made a substantial
showing of the denial of a constitutional right," this court **denies** his request for a
COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

A Colorado jury convicted Harrington of first degree murder, criminal
attempt first degree murder, first degree assault, second degree kidnapping,

aggravated robbery, first degree aggravated motor vehicle theft, and criminal attempt first degree sexual assault. Harrington's convictions were affirmed on direct appeal by the Colorado Court of Appeals. Harrington then filed a motion pursuant to Colo. R. Crim. P. 35(c) seeking post-conviction relief. After the motion was denied by the state trial court, Harrington filed a renewed Rule 35(c) post-conviction motion which was also denied. The Colorado Court of Appeals reversed the denial of Harrington's Rule 35(c) motion and remanded to the trial court to make findings of fact pursuant to Colo. R. Crim. P. 35(c)(3). On remand, the trial court once again denied the motion. The Colorado Court of Appeals affirmed that decision on June 12, 2003, and the Colorado Supreme Court denied Harrington's petition for writ of certiorari.

Harrington filed the instant § 2254 petition on March 11, 2004, raising the following ten claims: (1) he was denied his right to a fair trial and due process because of the trial court's failure to sever his trial from that of his codefendant, (2) he was denied his right to a fair trial and due process when the trial court permitted a Denver police officer to testify as an expert in gang activities, (3) he was denied his right to a fair trial and due process because the trial court permitted gang-related evidence to be admitted, (4) he was denied his right to a fair trial and due process as a result of the prosecution's exercise of peremptory challenges, (5) he was denied his right to a fair trial and due process because of jury misconduct, (6) he was denied his right to a fair trial and due process

because the trial court permitted the admission of eyewitness identifications, (7) he was denied his right to a fair trial and due process due to the state's suppression of material evidence in violation of the principles announced in *Brady v. Maryland*, 373 U.S. 83 (1963), (8) he was denied his right to a fair trial and due process when the trial court allowed a physician to testify as an expert outside his defined area of expertise, (9) he was denied his right to effective assistance of counsel both during trial and during post-conviction proceedings, and (10) he was denied his right to a fair trial and due process when the trial court refused to hold an evidentiary hearing during his post-conviction proceeding.

In a lengthy and thorough Recommendation which addressed each of Harrington's claims in turn, a magistrate judge recommended the denial of Harrington's § 2254 petition. After reviewing the magistrate judge's Recommendation and considering Harrington's objections thereto, the district court adopted the recommended ruling and denied Harrington's § 2254 petition.

Although Harrington's petition contained both exhausted and unexhausted claims, the district court addressed the entire petition on the merits. *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). The court concluded that, to the extent Harrington's claims involved only allegations of state law error, the claims were not cognizable in a federal habeas corpus proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). To the extent those claims also implicated Harrington's constitutional rights, however, the court analyzed them on the merits

and concluded Harrington was not entitled to relief because he failed to demonstrate his trial was rendered fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642-48 (1974); *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). The district court also reviewed the constitutional claims that were previously adjudicated by the Colorado state courts. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the district court concluded the state courts' adjudication of those claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

This court cannot grant Harrington a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Harrington has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Harrington is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id*. (quotations omitted).

This court has reviewed Harrington's application for a COA and appellate brief, the magistrate judge's Recommendation, the district court's Order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Harrington is not entitled to a COA. The district court's resolution of Harrington's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Harrington has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Harrington's request for a COA and **dismisses** this appeal. Harrington's motion to proceed in forma pauperis is **granted.**

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By
        Deputy Clerk

-5-