**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD L. CORDOVA,

　　　　Petitioner-Appellant,

v.

RICK SOARES, Warden, KEN
SALAZAR, Attorney General of the
State of Colorado,

　　　　Respondents-Appellees.

No. 04-1379
(D.C. No. 02-K-1914 (OES))
(D. Colo.)

**ORDER DENYING A CERTIFICATE OF
APPEALABILITY**

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

　　　　Ronald L. Cordova, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition. For substantially the same reasons set forth by the district court, we **DENY** Cordova's request for a COA and **DISMISS**.

　　　　Having shot and killed his wife, and having wounded three of her companions, Cordova was charged with one count of first-degree murder, one count of first-degree assault by means of a deadly weapon, two counts of second-degree assault by means of a deadly weapon, and one count of committing a crime

of violence. He entered a plea of not guilty by reason of insanity. Following a separate jury trial on the issue of sanity, he was found sane and permitted to enter a plea of not guilty by reason of impaired mental condition. A jury found him guilty of all charges, but the judgment was reversed by the Colorado Supreme Court and his case was remanded for a new trial, after which he was once again found guilty of all charges. He is presently serving a life sentence for murder, forty years' imprisonment for first-degree assault, sixteen years for second-degree assault, and a concurrent sentence for a misdemeanor.

Cordova appealed his conviction, and filed multiple motions for post-conviction relief in state court. All relief having been denied, Cordova filed a § 2254 petition in federal court, repeating most of the claims raised in state court. He presented well over fifty claims to the court below, challenging various aspects of his sanity trial, his first trial on the merits, his second trial on the merits, and the state appellate and post-conviction proceedings. Because Cordova presented a mixed petition containing exhausted and unexhausted claims, the district court, upon the magistrate judge's recommendation, appropriately reviewed all claims and denied the petition on the merits. See Moore v. Schoeman, 288 F.3d 1231, 1232 (10th Cir. 2002); see also Rhines v. Weber, 125 S. Ct. 1528, 161 L. Ed. 440, 451 (2005) ("the district court would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are

plainly meritless."). His request for a COA having been denied below, Cordova now seeks a COA from this court and presents most of the same arguments that he presented to the district court.[1]

With respect to claims concerning the sanity trial and the first trial on the merits, the district court concluded that these claims are moot because they pertain solely to a conviction already overturned by the Colorado Supreme Court. This conclusion accords with the Colorado Court of Appeals' refusal on mootness grounds to hear challenges to the sanity trial and the first trial on the merits. See People v. Cordova, No. 00CA1007, slip op. at 3 (Colo. App. Nov. 1, 2001). We discern no error in the district court's conclusion.

In reviewing Cordova's exhausted claims, the court applied AEDPA's demanding standard that, if a claim is adjudicated on the merits in state court, a

---

[1] Cordova's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Cordova to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Cordova a COA, he may not appeal the district court's decision absent a grant of COA by this court.

3

federal court will grant habeas relief only if that adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). The court thoroughly reviewed Cordova's claims in light of this standard and denied relief. In his application before us, Cordova has failed to make "a substantial showing of the denial of a constitutional right" as to these claims. § 2253(c)(2).

When reviewing Cordova's unexhausted claims, the court below concluded that the claims were defaulted in state court pursuant to an independent and adequate state procedural rule, and that Cordova could neither show cause and prejudice for the default nor demonstrate that failure to consider his claims would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Nevertheless, the court exhaustively reviewed the merits of Cordova's claims and concluded that even absent the procedural bar, he would not be entitled to habeas relief.

We agree with the district court's analysis on all claims presented and **DENY** the application for COA and **DISMISS**. We **GRANT** Cordova's motion

to proceed in forma pauperis.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge