F I L E D
**United States Court of Appeals
Tenth Circuit**

**August 14, 2007**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BLAISE KOKINDA,

        Petitioner-Appellant,

v.

CHARLES PETERSON,

        Respondent-Appellee.

No. 06-6374
(D.C. No. CIV-06-0828-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

_____

Petitioner Blaise Kokinda appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition. Mr. Kokinda was convicted by a jury of trafficking in illegal drugs and possessing drug paraphernalia. He was stopped while driving through Oklahoma and a search of his rented sport utility vehicle revealed, among other things, a suitcase containing approximately forty-six pounds of marijuana.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Kokinda argued in his habeas corpus petition that (1) the stop and search of his vehicle violated the Fourth Amendment, and (2) that his Sixth Amendment right to effective assistance of counsel was violated because "his Appellate Counsel failed to argue whether the drug dog's jumping into Petitioner's vehicle through the driver's side window constituted an unreasonable search and seizure affected by the police." R., Doc. 1 at 4.

Despite the fact that Mr. Kokinda had not exhausted his state court remedies as to his claim of ineffective assistance of counsel, the district court adopted the report and recommendation of the magistrate judge assigned to the case and denied Mr. Kokinda's habeas corpus petition on its merits. On appeal, Mr. Kokinda argues that the district court erred in denying his Fourth Amendment claim and in failing to either hold an evidentiary hearing regarding his ineffective assistance of counsel claim or allow him to exhaust his Oklahoma state court remedies as to that claim. We have granted Mr. Kokinda a certificate of appealability (COA) as to his ineffective assistance of counsel claim and now, exercising our jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), AFFIRM the district court's denial of the petition.

## BACKGROUND

While driving through Oklahoma, Mr. Kokinda was stopped for making an illegal lane change by Sergeant Chad Cook of the Oklahoma City Police Department. During the stop, Sergeant Cook became suspicious that Mr. Kokinda

-2-

might be involved in other illegal activity. According to Sergeant Cook, Mr. Kokinda would not make eye contact with him and kept rubbing his neck and forehead. Mr. Kokinda's breathing was heavy and his hands and lips were trembling. These signs of nervousness increased as Sergeant Cook asked Mr. Kokinda more questions. Mr. Kokinda told Sergeant Cook that he was traveling from California to Pennsylvania to visit his mother; but Mr. Kokinda's rental agreement showed that he was scheduled to return the car to a rental company office in Spokane, Washington in five days. Mr. Kokinda told Sergeant Cook that he had originally rented the car for the purpose of taking his girlfriend on a surprise trip; but the Sergeant noticed that the rental agreement showed that Mr. Kokinda's girlfriend was the primary renter of the vehicle. Mr. Kokinda told Sergeant Cook that he had no criminal history; but Sergeant Cook soon learned from a background check that Mr. Kokinda had a prior drug-related conviction in Pennsylvania which included a weapons charge. His suspicions aroused, Sergeant Cook asked Mr. Kokinda if he could search his vehicle. Mr. Kokinda refused, telling the Sergeant that he had previously had a bad experience by letting a law-enforcement officer search his car.

Sergeant Cook called a canine officer, Deputy Kevin Johnson, to the scene so that a drug sniff test could be conducted around the exterior of Mr. Kokinda's vehicle. During the test, the drug detection dog jumped through the open front driver's side window and indicated that he had detected drugs in the back of the

vehicle. The vehicle was searched and the marijuana was found. Following his conviction and the affirmance of that conviction by the Oklahoma Court of Criminal Appeals, Mr. Kokinda filed his habeas corpus petition in federal district court.

## ANALYSIS

Under 28 U.S.C. § 2254(a):

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Under 28 U.S.C. § 2253(c)(2) an appeal may not be taken from the final order in a habeas corpus proceeding unless a COA is issued pursuant to "a substantial showing of the denial of a constitutional right." As noted above, we have previously granted a certificate of appealability (COA) to Mr. Kokinda in regard to his ineffective assistance of counsel claim. We deny his application for COA as to his Fourth Amendment claim because Mr. Kokinda has made no argument that the district court erred in determining that he had been provided a opportunity for "full and fair consideration" of that claim in the Oklahoma courts under *Stone v. Powell*, 428 U.S. 465, 486 (1976). The arguments he raises on appeal regarding his Fourth Amendment claim are the same that the Oklahoma trial and appellate courts have previously grappled with.

We therefore turn to Mr. Kokinda's Sixth Amendment ineffective assistance of counsel claim. The parties do not dispute that Mr. Kokinda never raised an ineffective assistance of counsel claim in any state court proceeding. Under § 2254(b)(1), a habeas corpus petition may not be *granted* unless the petitioner has exhausted his state court remedies regarding the claims in the petition. But under § 2254(b)(2) "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." As to the standard that should be applied in determining whether to deny on the merits a habeas corpus petition based on an unexhausted claim, this court has held that "'if the court of appeals is convinced that the *petition has no merit*, a belated application of the exhaustion rule might simply require useless litigation in the state courts.'" *Moore v. Schoeman*, 288 F.3d 1231, 1234 (10th Cir. 2002) (quoting *Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir. 1997)) (emphasis in original). As will be discussed in detail below, both the magistrate judge and the district judge determined that Mr. Kokinda's ineffective assistance of counsel claim had no merit under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), although apparently for different reasons.

> To establish ineffective assistance of counsel, a petitioner must prove that counsel's performance was constitutionally deficient and that counsel's deficient performance prejudiced the defense. To carry his burden under *Strickland's* performance prong, [a petitioner] must demonstrate his counsel committed serious errors in light of

prevailing professional norms such that his legal representation fell below an objective standard of reasonableness. In so doing, [a petitioner] must overcome the presumption that counsel's conduct was not constitutionally defective.

*Cannon v. Gibson*, 259 F.3d 1253, 1273 (10th Cir. 2001) (citations and internal quotation marks omitted). "Taken together, *Strickland's* performance and prejudice inquiries provide the following benchmark for judging a claim of ineffective assistance: 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Id*. (quoting *Strickland*, 466 U.S. at 686).

> If the state court did not decide a claim on the merits, and it is not otherwise procedurally barred, we review the district court's legal conclusions de novo and its factual findings, if any, for clear error. However, when the district court's findings of fact are based merely on a review of the state record, we do not give them the benefit of the clearly erroneous standard but instead conduct an independent review.

*Young v. Sirmons*, 486 F.3d 655, 663 (10th Cir. 2007) (citations, internal quotation marks, and ellipsis omitted).

Mr. Kokinda claimed in his petition that his Sixth Amendment right to effective assistance of counsel was violated because "his Appellate Counsel failed to argue whether the drug dog's jumping into Petitioner's vehicle through the driver's side window constituted an unreasonable search and seizure affected [sic] by the police." R., Doc. 1 at 4. As to the search by the drug dog, Mr. Kokinda alleged that "[t]he dog was permitted, or encouraged, to jump into the vehicle

through an open window–without [the officer] first obtaining a warrant." *Id.*, at

3. Mr. Kokinda also alleged:

> While there is no evidence in the record that the dog handler did anything to encourage the dog to jump through the open window, the handler would hardly admit that he had so little control of the 'highly trained canine' as to have allowed the dog to have done so of its own volition.

*Id.* at 5. Mr. Kokinda alleged that "the dog's leap inside Petitioner's vehicle did constitute a Fourth Amendment violation, because by the Officer directing Petitioner to roll down his window, and later by the same officer pulling him from the vehicle, the officer **gave** the dog access by causing the window to be opened." *Id.* In response to an inquiry on his form petition as to why he did not exhaust his state court remedies as to his claim, Mr. Kokinda wrote: "Ineffective assistance of appellate counsel. As omitting such a clear violation of Petitioner's Constitutional rights cannot be deemed 'strategy' – simply to go 'Fast Track' before the appellate court." *Id.* Mr. Kokinda gave the exact same answer to an inquiry of why the issue was not raised on direct appeal. *Id.* at 6.

The government filed a motion to dismiss Mr. Kokinda's petition, arguing that while he had properly exhausted his state court remedies as to his Fourth Amendment claim, he had not done so as to his ineffective assistance of appellate counsel claim. It argued that the proper course of action was to dismiss the entire petition without prejudice in order to permit Mr. Kokinda to exhaust his state court remedies by filing a state application for post-conviction relief because

"ineffective assistance of appellate counsel claims . . . cannot be raised on direct appeal." *Id.*, Doc. 12 at 4.

The magistrate judge interpreted Mr. Kokinda's petition as complaining of ineffective assistance by his counsel on direct appeal:

> In ground two, Petitioner contends that he was denied effective assistance of appellate counsel in violation of the Sixth Amendment because his appellate counsel failed to assert that an unreasonable search and seizure occurred when the officer allowed the drug dog to jump into Petitioner's vehicle through an open window without first obtaining a warrant.

*Id.*, Doc. 17 at 4. The magistrate judge found it curious that Mr. Kokinda alleged that the argument asserted in his first claim–i.e., that his Fourth Amendment rights had been violated by the stop and search of his vehicle, including the drug dog's entry into his car–*had* been raised on direct appeal. That assertion directly contradicted Mr. Kokinda's argument in his second claim that his appellate counsel was ineffective in failing to raise the first claim on direct appeal. The magistrate judge held that it was clear from the face of Mr. Kokinda's petition that his appellate counsel's failure to argue the issue on appeal did not constitute ineffective assistance of counsel. The magistrate judge correctly noted that this court has held in *United States v. Stone*, 866 F.2d 359, 364 (10th Cir. 1989), that the Fourth Amendment is not implicated when a drug detection dog jumps into a suspect's vehicle during a traffic stop if the dog's actions were instinctual. The magistrate judge held that Mr. Kokinda's admission in his petition that "there

-8-

[was] no evidence in the record that the dog handler did anything to encourage the dog to jump through the open window" was therefore dispositive. *Id.*, Doc. 1 at 5. The magistrate judge's ruling was evidently based on a determination that there was no reason for Mr. Kokinda's appellate counsel to argue a claim that had either not been raised at trial or had been unsupported by record evidence. *See Jackson v. Shanks*, 143 F.3d 1313, 1321 (10th Cir. 1998) ("It is completely reasonable, and in fact advisable, for appellate counsel to eliminate weak but arguable claims and pursue issues on appeal which are more likely to succeed.").

The district court, however, arguably interpreted Mr. Kokinda's habeas petition differently than the magistrate judge. Although the district court held that it "concur[red] with [the magistrate judge's] analysis of the issues and applicable law and adopts his Report and Recommendation," R., Doc. 20 at 4, it also determined that Mr. Kokinda argued in his petition "that his *trial counsel* was ineffective by failing to argue that the search was illegal because it was effected by a drug dog jumping into the automobile through an open car window." *Id.* at 2 (emphasis added). But the district court determined that the only objection that Mr. Kokinda made to the magistrate judge's report and recommendation that was based on ineffective assistance of counsel raised an entirely new claim.

Mr. Kokinda argued in his objection: "Petitioner is not claiming that counsel offered inadequate defense at trial – He offered NO DEFENSE." *Id.*,

Doc. 19 at 2. He claimed that of the four witnesses presented by the prosecution, his trial counsel cross-examined Sergeant Cook, but failed to examine the detective who questioned Mr. Kokinda after his arrest, a witness from the forensic laboratory, and Deputy Johnson.

Mr. Kokinda then argued for three and a half pages the illegality of his detention and the eventual search of his vehicle. As to the sniff test by the drug detection dog, Mr. Kokinda noted that Deputy Johnson testified that the dog "indicate[d]" on the vehicle prior to jumping through the window, because the dog "**had a *change of behavior* by stopping and putting his nose up in the air like he was trying to smell odor**, and that's when he jumped through the window." *Id*. at 7 (emphasis in original). Mr. Kokinda argued this testimony was necessarily untrue because Deputy Johnson had previously testified that his drug dog was "a passive alert dog, so when he comes to the source of a narcotic odor, he **will either sit or lay down** by the source of the odor." *Id*. at 6. Mr. Kokinda argued that it was impossible to tell if Deputy Johnson signaled or encouraged his dog to jump into the car in any way because his trial counsel failed to cross-examine the deputy. The district court read Mr. Kokinda's objection as "assert[ing] that his attorney was ineffective because he offered 'no defense' at the trial," and not as objecting to the denial of his claim that his trial counsel was ineffective for failing to argue that the drug dog's entry into the vehicle amounted to an unconstitutional search. *Id*., Doc. 20 at 3. The district court therefore

-10-

refused to consider the argument on the ground that it had not been previously presented to the magistrate judge. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (holding that legal theories raised for the first time in an objection to a magistrate judge's report and recommendation are deemed waived).

We need not determine whether the magistrate judge or the district court correctly interpreted Mr. Kokinda's petition. Under either of the interpretations and analyses presented, affirmance would be required for the reasons set forth therein. Moreover, affirmance would be required even if we were to read Mr. Kokinda's petition and objection as both raising and properly preserving a claim that his trial counsel provided ineffective assistance by failing to argue that the drug dog's entry into the vehicle amounted to an unconstitutional search.

As noted by Mr. Kokinda in his objection to the magistrate judge's report and recommendation, Deputy Johnson testified that the drug dog had a change of behavior prior to jumping inside the vehicle. The Deputy testified that as the drug dog was walking past the front driver's side door with the open window, he stopped and put his nose up in the air like he was trying to smell an odor "and that's when he jumped through the window." R., Doc. 19 at 7. It is therefore clear that Deputy Johnson's testimony was that it appeared to him that the drug detection dog jumped into the window because he smelled something as he was passing the driver's side door. Mr. Kokinda has never claimed that he saw Deputy Johnson give any sort of signal to the drug detection dog to jump into the

car.  Consequently, it was not objectively unreasonable for Mr. Kokinda's trial counsel to not ask Deputy Johnson if he "encouraged" the drug detection dog to jump into the vehicle when the answer was clear from previous testimony.

Since Mr. Kokinda's ineffective assistance of counsel claim must fail under any of the possible readings of his habeas corpus petition and objection to the magistrate judge's report and recommendation, the judgment of the district court denying Mr. Kokinda's petition on the merits is AFFIRMED.[1]

Entered for the Court

Deanell Reece Tacha
Chief Circuit Judge

---

[1]     There was no need for an evidentiary hearing in this case.

28 U.S.C. § 2254(e)(2) prohibits a federal district court from conducting an evidentiary hearing on a habeas claim that petitioner failed to develop in state court. However, if the petitioner did not fail to develop the factual basis of his claim in State court, § 2254(e)(2) is not applicable and a federal habeas court should proceed to analyze whether a hearing is appropriate or required under pre-AEDPA standards. . . .  Under pre-AEDPA standards, a petitioner is entitled to an evidentiary hearing on the issue of ineffective counsel so long as his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief.

*Young*, 486 F.3d at 679 (citations and ellipses omitted).  Here, Mr. Kokinda's allegations would not entitle him to habeas relief.