**UNITED STATES COURT OF APPEALS** March 16, 2009

**TENTH CIRCUIT**

_____

RAUL C. ZAPATA,

     Petitioner - Appellant,

v.

MICHAEL HEREDIA, Warden;
GARY K. KING, Attorney General of
the State of New Mexico,

     Respondent - Appellee.

No. 08-2157
(D. N.M.)
(D.Ct. No. 1:07-CV-01177-WJ-LFG)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Raul Zapata, proceeding *pro se*[1] and *in forma pauperis*, requests a

Certificate of Appealability (COA) to appeal from the district court's dismissal of

his habeas petition filed pursuant to 28 U.S.C. § 2254.[2]  For substantially the

---

[1] We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1).  The district court did not act on Zapata's constructive request for a COA.  A COA is deemed denied if the district court does not address the issuance of a COA within thirty days.  10th Cir. R. 22.1(C).  Because Zapata did not expressly request a COA, we deem his notice of appeal a request for a COA. *See* Fed. R. App. P. 22(b)(2).

same reasons given by the district court in dismissing his § 2254 petition, we deny Zapata's request for a COA and dismiss this inchoate appeal.

## I. BACKGROUND

On August 15, 2005, Albuquerque police officers went to Zapata's ex-girlfriend's apartment after she reported to the police that Zapata had pointed a handgun at her and threatened to kill her. While police were interviewing the complainant, Zapata returned. Officers stationed outside the apartment complex approached Zapata's vehicle and commanded him to display his hands. Instead, he shot himself in his midsection; an action he claims was a failed suicide attempt. He was transported to a local hospital for treatment and later arrested.

The state jury found Zapata guilty of aggravated assault upon a household member with a deadly weapon. He was also found to be a habitual offender. He was sentenced to 42 months imprisonment and appealed from that conviction to the New Mexico Court of Appeals.[3] Prior to a disposition of that appeal, Zapata filed this federal habeas petition. A magistrate judge filed a report recommending (R&R) his claims be dismissed without prejudice because his state court appellate proceedings were still pending. Over Zapata's objections, the district court adopted the R&R and dismissed the petition, without prejudice, for failure

---

[3] Before the district court, an issue was raised concerning Zapata's direct appeal in state court. It appears Zapata had mailed notices of appeal directly to the chambers of the state court judge due to issues with his appointed counsel. These notices were retained in the judge's chambers until February 8, 2008, when they were filed, commencing the appeal process in the New Mexico Court of Appeals.

to exhaust state remedies.  Zapata request to appeal from the dismissal.

## II.  DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

We agree with the district court; Zapata's claims are procedurally barred. A habeas petitioner is required to exhaust his state court remedies prior to

obtaining federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A). Zapata has failed to do so here. When a petitioner fails to give the state courts the opportunity to fully determine the merits of his claims, a federal court has two courses of possible action. "First, it may dismiss the petition and allow the petitioner to return to state court to exhaust his claims. Second, it may deny the petition on its merits, notwithstanding the petitioner's failure to exhaust his state court remedies." *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (citations omitted). The dismissal without prejudice was the less punitive of the two alternatives. Dismissal without prejudice does not close the door for potential future review in federal courts and allows the state courts to first address Zapata's issues. The district court cannot be faulted for its procedural ruling.

We **DENY** a COA and **DISMISS** this inchoate appeal. Because Zapata's appeal is premature, we also **DENY** his motion for appointment of counsel and "Motion for New Evidence."

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
