UNITED STATES COURT OF APPEALS

**February 6, 2009**

TENTH CIRCUIT

MONSEL DUNGEN,

        Petitioner - Appellant,

v.

AL ESTEP; THE ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 08-1331
(D. Ct. No. 05-CV-01842-EWN-MEH)
(D. Colo.)

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Petitioner Monsel Dungen, a Colorado state prisoner, seeks a certificate of

appealability ("COA") to appeal from the denial of his habeas petition under 28 U.S.C.

---

[*]This order is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1,
2007).

§ 2254. Mr. Dungen presents eight claims in his pro se brief in support of his application for a COA. After reviewing each claim, we have determined that three of the claims fail because they were not adequately preserved in Mr. Dungen's objections to the magistrate judge's report; two of the claims fail because they are procedurally barred; and three of the claims fail because Mr. Dungen has not met the standard under which we would grant a COA. We therefore DENY Mr. Dungen's application for a COA and DISMISS the appeal.

## I. BACKGROUND

Mr. Dungen challenges his 1991 conviction in Colorado state court for first degree murder, second degree burglary, aggravated robbery, and first degree aggravated motor vehicle theft. The Colorado Court of Appeals upheld that conviction, and the Colorado Supreme Court denied Mr. Dungen's application for a writ of certiorari. Mr. Dungen filed several applications in state court for post-conviction relief, all of which also failed. In September 2005, he applied for a writ of habeas corpus in federal district court.

The matter was referred to a magistrate judge who, in a detailed opinion, rejected all of the petitioner's claims and recommended that his application for a writ of habeas corpus be denied. *See Dungen v. Estep*, No. 05-CV-01842-EWN-MEH, 2008 WL 4000864, at *4–*23 (D. Colo. Aug. 26, 2008). The district court judge then accepted the magistrate judge's recommendation and dismissed Mr. Dungen's application with prejudice. *Id.* at *4.

Mr. Dungen now seeks a COA from this court. He bases his application on a

variety of alleged errors during and surrounding his trial, and he groups these errors into the following eight asserted claims: (1) suppression of exculpatory evidence; (2) racial discrimination in jury selection; (3) prosecutorial misconduct; (4) judicial misconduct; (5) ineffective assistance of counsel; (6) unlawful stop, search, and seizure; (7) the use of hearsay statements, the violation of his right to remain silent, and the violation of his right to confront witnesses against him; and (8) the Colorado Court of Appeals's summaries being contrary to federal law.

## II. DISCUSSION

A.    <u>Claims Not Preserved by Objection</u>

We first hold that three of Mr. Dungen's claims have been waived. The district court dismissed claims Six, Seven, and Eight without addressing the merits, because of the inadequacy of Mr. Dungen's objections to the magistrate judge's recommendation. *Dungen*, 2008 WL 4000864 at *2–*3. On appeal, "[o]ur waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions. The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

After reviewing Mr. Dungen's objections, we agree that he made no specific objections on the merits to claims Six, Seven, or Eight. He merely made cursory and conclusory reference to claim Seven and did not reference claim Eight in his objections. Regarding claim Six, Mr. Dungen wrote that he "objects to claim Six being unexhausted

-3-

for reasons of the claim being filed under the Fifth, Sixth and Fourteenth Amendments." The magistrate judge, however, did not decide claim Six based on exhaustion. Claim Six alleged an illegal stop, search and seizure, in violation of the Fifth, Sixth, and Fourteenth Amendments. *Dungen*, 2008 WL 4000864 at *18. Such a claim is actually a Fourth Amendment claim. *See* U.S. Const. amend. IV. The magistrate judge assessed the claim as a Fourth Amendment claim and determined that it failed on the merits. *Dungen*, 2008 WL 4000864 at *18–*19.

The magistrate judge only mentioned exhaustion in passing, stating that "[i]f the Applicant truly wishes to raise the allegations as Fifth, Sixth, and Fourteenth Amendment violations, then the claim is unexhausted . . . ." *Id.* at *18. Because Mr. Dungen did not object to the magistrate judge's assessment of the merits of claim Six, he did not preserve that issue for appeal. *See Moore*, 950 F.2d at 659. Thus, the waiver rule applies to claims Six, Seven, and Eight.

We also find no reason to bypass the waiver rule based on the "interests of justice." *Id.* The magistrate judge's recommendation clearly informed Mr. Dungen about the time allowed for him to object, as well as the consequences of his failure to object. *Id.* at *4. In addition, Mr. Dungen has pointed to no facts or law that cause us to believe that it would be an injustice for us to dismiss those claims.

B.     Claims Found to be Procedurally Barred

On the magistrate judge's recommendation, the district court held that claim One and claim Five were procedurally barred, along with portions of claim Three and claim

-4-

Seven. *Id.* at *1. We agree.

To obtain a writ of habeas corpus in federal court, an applicant first must exhaust all remedies in state court. 28 U.S.C. § 2254(b)(1)(A). When a prisoner has no further opportunity to apply for state relief, but has not raised a particular issue in state court, then those claims technically are exhausted. *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). However, pursuant to the independent and adequate state grounds doctrine, the applicant is procedurally barred from bringing such claims in a habeas petition unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Banks v. Reynolds*, 54 F.3d 1508, 1514 (10th Cir. 1995) (quotations omitted); *see also Coleman*, 501 U.S. at 729–30.

The magistrate judge found that claim One, claim Five,[1] and portions of claims Three and Seven were procedurally barred because Mr. Dungen did not properly present them in state court. *Dungen*, 2008 WL 4000864 at *6. The district court accepted the magistrate's recommendation and dismissed those claims. *Id.* at *1.

_____

[1]Mr. Dungen did file a post-conviction motion for a hearing in state court based on alleged ineffective assistance of counsel (claim Five). However, he did not assert in either his objections to the magistrate judge's recommendation, or in this appeal, that he did not default on this issue. He only argued ineffective assistance of counsel as cause that excused his default in state court. Therefore, we need not determine whether his post-conviction motion in state court was adequate to avoid the procedural bar for failing to exhaust state court remedies. *See United States v. Redcorn*, 528 F.3d 727, 738 n.4 (10th Cir. 2008) ("Issues not raised in the opening brief are deemed abandoned or waived.") (quotations omitted).

To obtain a COA to contest any claim in a habeas proceeding, the prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies a habeas claim on procedural grounds, "a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Our analysis focuses on whether reasonable jurists could debate the accuracy of the district court's conclusions.

Mr. Dungen does not dispute on appeal that he failed to exhaust the claims in question in state court; instead, he claims ineffective assistance of counsel as the cause for his default.[2] This argument fails because prisoners have no right to counsel in post-conviction applications for relief. *See Coleman*, 501 U.S. at 757 ("Because [the defendant] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [the defendant's] claims in state court cannot constitute cause to excuse the default in federal habeas."). The alleged ineffectiveness of Mr. Dungen's

---

[2]Mr. Dungen also argues that an adverse decision by the Colorado Court of Appeals was sufficient for him to have exhausted all state remedies. This point, however, does not change the procedural bar analysis. As noted above, the procedural bar applies when remedies have technically been exhausted but a particular claim has not been brought to the state courts' attention. Under those circumstances, the claim is barred in federal court under the independent and adequate state grounds doctrine. *See Coleman*, 501 U.S. at 729–30. The petitioner also asserted "actual innocence" as cause for his default in the district court but did not reassert that argument on appeal.

counsel cannot excuse his failure to bring those claims in state court.[3] Reasonable jurists, therefore, could not debate the propriety of the district court's procedural ruling.

C.     The Properly Preserved Claims

After the foregoing analysis, we are left with claim Two, portions of claim Three, and claim Four, all of which the district court denied on the merits. As with a procedural claim, Mr. Dungen must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is not granted a writ of habeas corpus unless:

> adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). Mr. Dungen does not have to meet that high standard to be entitled to a COA, but the standard is relevant to our inquiry. The AEDPA provides the standard under which the district court evaluates habeas claims. Thus, in evaluating the

---

[3]Mr. Dungen argues that *Silva v. People*, 156 P.3d 1164 (Colo. 2007), has created a right to post-conviction counsel. His argument fails, however, because the right to post-conviction counsel recognized in *Silva* was based entirely on a Colorado statute. *Id.* at 1168. Before announcing that right, the court reiterated that "there is no constitutional right to post-conviction counsel under . . . the United States Constitution." *Id.* at 1167.

application for a COA, we ask whether reasonable jurists could debate whether the district court erred when applying 28 U.S.C. § 2254(d). *See Miller-El v. Cockrell*, 537 U.S. 322, 349 (2003) (Scalia, J., concurring); *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA.").

1.    *Claim Two*

Mr. Dungen asserts that the jury selection process was racially biased. The record reflects that there were seven Hispanic persons and one black person in the jury pool. During peremptory challenges, the prosecution struck the only black juror and five of the seven Hispanic jurors. The defense struck one Hispanic juror, and one Hispanic juror was empaneled. The trial court and the Colorado Court of Appeals held that Mr. Dungen had made a prima facie case for discrimination regarding the black juror, but that the prosecution had fulfilled its burden to provide a race-neutral explanation. The prosecution stated that it struck the black juror because he had lied about a prior felony conviction. The trial court and the Colorado Court of Appeals held that Mr. Dungen had not made a prima facie case for discrimination with regard to the striking of the five Hispanic jurors.

Once a defendant has made a prima facie case for discrimination, the prosecution must provide a race-neutral explanation for the challenge. *Batson v. Kentucky*, 476 U.S. 79, 97 (1986). The explanation must do more than simply deny a discriminatory motive, *id.* at 98, but the explanation need not be persuasive, or even plausible. *Purkett v. Elem*,

514 U.S. 765, 768 (1995). "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Id.*

Here, there is no inherent discriminatory intent in the prosecution's explanation. That the potential juror lied about a previous felony conviction is clearly a race-neutral explanation, and the explanation is sufficient to defeat Mr. Dungen's claim of discrimination in striking the black juror. Thus, reasonable jurors could not debate whether the district court's decision was contrary to clearly established federal law.

Regarding the Hispanic jurors, the Colorado courts found that Mr. Dungen had not made a prima facie case for discrimination. The issue, then, is whether reasonable jurors could debate whether the district court's finding—that Mr. Dungen had not made a prima facie case of discrimination related to the Hispanic jurors—was contrary to clearly established federal law. *See id.* The Supreme Court's decision in *Miller-El* offers some guidance.

In *Miller-El*, the Court reversed the Fifth Circuit's denial of a COA to a prisoner. *Miller-El*, 537 U.S. at 348. The prisoner claimed discrimination based on the prosecution's striking ten of eleven available black jurors. *Id.* at 331. The court found that the numbers themselves were some evidence of discrimination. *Id.* at 342. The Court did not, however, state that numbers alone could establish discrimination. Importantly, the Court detailed several other reasons for determining that Mr. Miller-El should be granted a COA to pursue his discrimination claim: the state's reasons for challenging black jurors applied to some white jurors; the prosecutors asked different

-9-

questions to white and black jurors; the prosecutors twice "shuffled" the jury panel when several black jurors were in the front row; and the petitioner provided historical evidence of discrimination by the local district attorney's office. *Id.* at 343–46.

In our case, the only evidence of discrimination regarding the Hispanic jurors is the raw numbers. Mr. Dungen has pointed to no other evidence suggesting discrimination by the prosecutors. In addition, one Hispanic juror was empaneled, and the defense struck one Hispanic juror. Our case, therefore, is far different from *Miller-El*, where several signs of discrimination were present. Without more evidence of discrimination, reasonable jurors could not debate whether the district court's decision was contrary to clearly established federal law.

## 2.     *Claim Three*

On appeal, Mr. Dungen alleges eight instances of prosecutorial misconduct. He does not detail those instances, however. He originally asserted ten instances of prosecutorial misconduct, but the magistrate judge determined that two of those claims were procedurally barred. *See Dungen*, 2008 WL 4000864 at *6, *11. The district court noted Mr. Dungen's failure to object to the magistrate judge's findings regarding several other claims, leaving only three claims preserved.[4] *Id.* at *3. Those claims were 1) that

---

[4]Both the magistrate judge and the district court also stated that all ten claims were arguably unexhausted. However, both judges determined that the claims failed on the merits. *Dungen*, 2008 WL 4000864 at *3, *12–*17. Because we agree that the claims clearly fail on that basis, we need not address the exhaustion issue. *See Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (stating that a district court may deny a habeas claim on the merits, even if it is unexhausted).

during closing arguments the prosecutor referred to photographs that were not admitted into evidence; 2) that the prosecutor impermissibly vouched for the testimony of a government witness; and 3) that the prosecutor generally made derogatory remarks about Mr. Dungen. *Id.* On appeal, Mr. Dungen offers no facts to support his claim and states only that "as a whole the cumulative acts denied the Petitioner the right to due process." We have reviewed the magistrate judge's lengthy investigation into the matter and see no basis for determining that Mr. Dungen has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

3.      *Claim Four*

Mr. Dungen's final preserved claim alleges judicial misconduct, arguing that "the judges [sic] communication during jury deliberation outside the presence of the court has denied the Petitioner his due process." Mr. Dungen appears to be reasserting his argument that he was denied due process because he was not present when the trial judge responded to a request submitted by the jury. *Dungen*, 2008 WL 4000864 at *3. Mr. Dungen's counsel was present, however.

A defendant "has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (quotations omitted). Here, during the jury's deliberations, the jury sent a note requesting to see pictures of Mr. Dungen displaying the murder weapon. *Dungen*, 2008 WL 4000864 at *17. The court's response was simply that the pictures were not in evidence. *Id.*

-11-

Mr. Dungen has offered no argument—nor can we imagine one—detailing how his presence would have made any difference. The court gave a proper answer, in the presence of Mr. Dungen's counsel. Mr. Dungen's presence would have had no relation, much less a substantial one, to his ability to defend himself. Therefore, he has failed to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

### III. CONCLUSION

Three of Mr. Dungen's claims fail because they were not properly preserved in the district court. Two of his claims fail because the district court properly held them to be procedurally barred. As to his final three claims, he has failed to demonstrate they meet the standard for our granting a COA, based on federal statutes and our precedent. For these reasons, we DENY Mr. Dungen's application for a COA and DISMISS the appeal. Mr. Dungen's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

-12-