**Edwin L. MOORE, Petitioner–Appellant,**

v.

**Captain SCHOEMAN; Attorney General of the State of Oklahoma, Respondents–Appellees.**

No. 01–6016.

United States Court of Appeals, Tenth Circuit.

April 29, 2002.

Edwin L. Moore, pro se.

W.A. Drew Edmondson, Attorney General of Oklahoma, Brant M. Elmore, Assistant Attorney General, Oklahoma City, OK, for Respondents–Appellees.

Before MURPHY, McKAY, and BALDOCK, Circuit Judges.

MURPHY, Circuit Judge.

Petitioner Edwin L. Moore appeals from the district court's order dismissing his petition for a 28 U.S.C. § 2254 writ of habeas corpus. We previously granted petitioner a certificate of appealability (COA), *see id.* § 2253(c). We now reverse and remand.[1]

■ A habeas petitioner is required to exhaust his state court remedies prior to obtaining federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A). Faced with a petition containing only unexhausted claims, the district court ordinarily has two options. First, it may dismiss the petition and allow the petitioner to return to state court to exhaust his claims. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Second, it may deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies. 28 U.S.C. § 2254(b)(2).

■ The district court in this case, faced with a petition containing two unexhausted claims, adopted neither approach; instead, it pursued a hybrid disposition, dismissing one claim on the merits pursuant to § 2254(b)(2), and the other without prejudice under *Rose.* As will be seen, this approach is both unauthorized by § 2254(b)(2) and potentially fatal to petitioner's ability to re-assert his unexhausted claim after exhaustion. For these reasons, we must reverse and remand.[2]

## I.

Petitioner pled guilty in Oklahoma state court to possession of a controlled dangerous substance after prior conviction of a felony, and false impersonation. The state court sentenced him to ten years' imprisonment on each count, to run concurrently. The sentencing court ordered that the sentence be served in the form of 120 nights in the county jail.

Unfortunately for petitioner, the state court later determined that he had failed to comply with the requirements of his 120 night county jail term. As a result, his ten-year sentence was reinstated. Petitioner filed a state habeas proceeding challenging the reinstatement, which was denied. He then filed a post-conviction relief proceeding in state district court, which the court granted. The state district court found that Okla. Stat. tit. 22, § 991a–2 only allows night and weekend incarceration *in lieu of* a sentence of incarceration, not as an alternative means of serving a prison sentence. Petitioner's sentence was therefore void *ab initio.* The state district court stated petitioner had two choices: either move to withdraw his guilty plea and go to trial or request re-sentencing.

Petitioner did not accept either choice. He did not appeal from the district court's disposition of his post-conviction relief proceeding. Instead, he filed a new proceeding, a "motion to dismiss sentencing," with the state district court. When this was denied, he appealed. The Oklahoma Court of Criminal Appeals found that the

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2. We ordered the respondents to file a brief on this issue. In their brief, they candidly conceded the error in the district court's approach.

appeal was premature. It stated petitioner must await re-sentencing and could appeal if he disagreed with the sentence. Petitioner then filed a second motion for post-conviction relief in state district court. The district court dismissed this motion as procedurally barred, and petitioner did not appeal.

■ Petitioner next filed his federal habeas petition. He included two claims: (1) that his original sentence was void or illegal, and (2) that his counsel had been constitutionally ineffective in failing to raise the sentencing issue when he negotiated the guilty plea. The state argued that neither issue had been fully exhausted. It did not request application of anticipatory procedural bar[3]; rather, it argued that the Court of Criminal Appeals might yet decide to hear an appeal from the denial of the second motion for post-conviction relief. Accordingly, the state requested that the petition be dismissed for failure to exhaust state remedies.

The magistrate judge assigned to the case agreed that neither claim had been exhausted in the state courts. Relying on 28 U.S.C. § 2254(b)(2), however, he recommended that the "void or illegal sentence" claim be dismissed on the merits. He further recommended that the ineffective assistance claim be dismissed without prejudice in order to allow petitioner to exhaust his remedies in state court. The district court adopted the magistrate judge's recommendation, and worded its dismissal order accordingly.

## II.

Section 2254(b)(2), as amended by AEDPA, provides that

[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

■ It is our duty to give effect to every clause and word of a statute, if possible. *Lamb v. Thompson*, 265 F.3d 1038, 1051 (10th Cir.2001). "Where the terms of the statute are clear and unambiguous, that language is controlling absent rare and exceptional circumstances." *Ramah Navajo Chapter v. Lujan*, 112 F.3d 1455, 1460 (10th Cir.1997) (quotation omitted). The plain and unambiguous language of this statute refers to the denial of "an *application* for a writ of habeas corpus" rather than to denial of claims contained within the application resulting only in a partial denial on the merits. Moreover, a construction permitting only the dismissal of an entire application accords with both the legislative history of the statute, and prior case law.

### 1. Background authority: *Rose* and *Granberry*

This issue can best be understood in light of two Supreme Court cases that preceded the AEDPA amendment to the statute: *Rose*, and *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). These cases set the analytical parameters within which Congress operated when it amended § 2254(b)(2).

In *Rose*, the Supreme Court held that when a petitioner files a habeas petition containing both exhausted and unexhausted claims, the district court must dismiss the resulting "mixed petition," allowing the petitioner either (1) to return to state court to exhaust his claims or (2) to amend and resubmit the petition to present only the exhausted claims to federal district court. *Rose*, 455 U.S. at 510, 102 S.Ct.

---

**3.** "Anticipatory procedural bar" occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it. *See, e.g.,* *Hain v. Gibson,* 287 F.3d 1224, 1240 (10th Cir.2002).

1198. The practical effect of this rule was to require the district court to carefully parse the claims in a petition to determine whether any of them had not been properly exhausted.

In *Granberry*, however, the Supreme Court held that a prisoner's failure to exhaust his state remedies did not act as an absolute bar to consideration of his claims. *Granberry*, 481 U.S. at 131, 107 S.Ct. 1671. One consequence of this holding was that "if it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests [of the petitioner and government entities involved] will all be well served ... [if] the district court *denies the habeas petition,* and the court of appeals affirms the judgment of the district court forthwith." *Id.* at 135, 107 S.Ct. 1671 (emphasis added). In other words, a meritless *petition* could be denied without reference to the exhaustion issue.

Nearly a decade after *Granberry*, Congress incorporated its holding into the AEDPA amendment to § 2254(b)(2). *Granberry* remains important to our interpretation of the amended statute. In *Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir.1997), a post-AEDPA case, this court noted that § 2254(b)(2) "does not contain the standard for determining when a court should dismiss a petition on the merits instead of insisting on complete exhaustion." For this reason, "we read § 2254(b)(2) in conjunction with *Granberry.*" *Id.*

The *Hoxsie* court quoted language from *Granberry* reasoning that "if the court of appeals is convinced that the *petition has no merit,* a belated application of the exhaustion rule might simply require useless litigation in the state courts." *Id.* (quoting *Granberry*, 481 U.S. at 133, 107 S.Ct. 1671) (emphasis added). Since *all* of Hoxsie's claims were without merit, *id.,* this court affirmed the dismissal of his petition on the merits. *Granberry* and *Hoxsie* sug-

gest that it is the entire petition, rather than individual claims, that must be dismissed on the merits if § 2254(b)(2) is applied.

#### 2. *Artuz v. Bennett*

We also find persuasive authority in the Supreme Court's construction of the phrase "application," as that phrase is employed elsewhere in the AEDPA revisions. *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Although *Artuz* concerned a different statute, 28 U.S.C. § 2244(d)(2), which tolls AEDPA's one-year statute of limitations during the time that a "properly filed" application for state post-conviction relief is pending, its reasoning is persuasive here.

In *Artuz,* the state argued that an application could not be "properly filed" if it contained claims that were procedurally barred. The Supreme Court rejected this argument, reasoning in part as follows:

> By construing "properly filed application" to mean "application raising claims that are not mandatorily procedurally barred," petitioner elides the difference between an "application" and a "claim." Only individual *claims,* and not the application containing those claims, can be procedurally defaulted under state law.... Ignoring this distinction would require judges to engage in verbal gymnastics when an application contains some claims that are procedurally barred and some that are not.... The statute ... refers only to "properly filed" applications and does not contain the peculiar suggestion that a single application can be both "properly filed" and not "properly filed."

*Id.* at 9–10. Thus, in *Artuz,* the Supreme Court showed a particular zeal about distinguishing between a "claim" and an "application," when failure to make the distinction would conflict with the plain meaning of the statute.

### 3. Other post-AEDPA case law

█ Some post-AEDPA cases discussing § 2254(b)(2) refer to the court's ability to deny an *entire petition or application* by reaching unexhausted claims on the merits. *See, e.g., Duncan v. Walker*, 533 U.S. 167, 182–83, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (Stevens, J., concurring) ("[Section 2254(b)(2) ] gives a district court the alternative of simply *denying a petition* containing unexhausted but non-meritorious claims." (emphasis added)); *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997) ("[Section 2254(b)(2) permits] a federal court to *deny a habeas petition* on the merits notwithstanding the applicant's failure to exhaust state remedies." (emphasis added)). Other opinions, however, emphasize the court's ability to deny individual *claims* on the merits. *Duncan*, 533 U.S. at 191, 121 S.Ct. 2120 (Breyer, J., dissenting) ("[T]he prisoner who chooses to go into federal court with unexhausted claims runs the risk that the district court will simply *deny those claims* on the merits." (emphasis added)); *Lindh v. Murphy*, 521 U.S. 320, 334 n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) ("[Section 2254(b)(2) authorizes] federal courts to deny *unexhausted claims* on the merits." (emphasis added)). Some cases refer to both. *Simpson v. Bouker*, 249 F.3d 1204, 1208 n. 1 (10th Cir.2001) (stating that § 2254(b)(2) "specifically provides that *a claim* may be denied on the merits notwithstanding a failure to exhaust" and therefore "we will consider Petitioner['s] *petition* on the merits" (emphasis added)). This latter approach seems to be the most consistent with congressional intent: individual, unexhausted claims may be denied, but only if the result allows the court to determine the *entire petition* on the merits.

### 4. Legislative history

The legislative history underlying the AEDPA amendments to § 2254(b)(2) supports the concept that it is the entire petition that must be resolved on the merits, not just individual non-exhausted claims. The House Report provides the most direct statement concerning congressional intent:

> This bill also provides that *an application for a writ of habeas corpus may be denied on the merits* even if it might otherwise be dismissed because the applicant has failed to exhaust state remedies. This reform will help avoid the waste of state and federal resources that now result when a prisoner *presenting a hopeless petition* to a federal court is sent back to the state courts to exhaust state remedies. It will also help to avoid potentially burdensome and protracted inquiries as to whether state remedies have been exhausted, in cases in which it is easier and quicker to reach a negative determination *of the merits of a petition*. This amendment does not undermine the policy of comity to state courts that underlies the exhaustion requirement, since the federal habeas court would only be permitted to deny an unexhausted claim.

H.R.Rep. No. 104–23, at 9–10 (1995) (emphasis added).

### 5. Conclusion

The plain language of § 2254(b)(2), as well as its legislative history and prior case law, point to a conclusion that a district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits.[4] There is no authorization to

---

**4.** A third option suggested by Justice Stevens' opinion in *Duncan*, of retaining jurisdiction

adopt the hybrid approach the district court pursued in this case.

### III.

We are also concerned with the consequences for petitioner if the district court's order is allowed to stand. AEDPA contains a stringent rule against second or successive § 2254 petitions. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Assuming petitioner goes back to state court, exhausts the issue dismissed without prejudice and then attempts to return to federal court with a new petition, it could be argued that the earlier denial of one of his habeas claims caused his new petition to be second or successive.

██ Had the district court followed *Rose v. Lundy* and dismissed the entire petition for failure to exhaust, there would not be a second or successive problem. In such cases, the prior petition which was dismissed without prejudice does not count as a "prior application" and § 2244(b)(1) is not triggered by returning to federal court. *See, e.g., McWilliams v. Colorado,* 121 F.3d 573, 575 (10th Cir.1997).

The same rule may not apply, however, in cases where one or more of the petitioner's claims have been resolved on the merits. In *Tapia v. Lemaster,* 172 F.3d 1193 (10th Cir.1999), for example, the petitioner brought a mixed petition. At petitioner's request, the district court dismissed without prejudice the petitioner's single, unexhausted claim and denied the remaining, exhausted claims on the merits. When the petitioner attempted to return to federal court to assert the formerly unexhausted claim, the district court referred the matter to this court as a second or successive

application. This court held that the petition was, indeed, an unexcused second or successive application. "[W]here a petitioner chose to file an amended petition, he ran the risk of having the subsequent petition dismissed as an abuse of the writ." *Id.* at 1195. If the district court's order is allowed to stand in this case, petitioner's unexhausted claim may suffer the same fate.

For the foregoing reasons, the judgment of the United States District Court for the Western District of Oklahoma is REVERSED and the case is REMANDED for further proceedings in light of this opinion. Petitioner's motion to proceed *in forma pauperis* in this appeal is GRANTED.

---

over the petition and staying further proceedings pending the exhaustion of state remedies, was apparently not examined by the district

court and is not at issue here. *Duncan,* 533 U.S. at 182–83, 121 S.Ct. 2120 (Stevens, J., concurring).