**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD G. PIERCE,

Petitioner-Appellant,

v.

RICK A. SOARES, Ordway
Correctional Facility, and JOHN
W. SUTHERS, the Attorney
General of the State of Colorado,[*]

Respondents-Appellees.

No. 05-1458
(D. Colorado)
(D.C. No. 02-CV-1487-EWN-OES)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Ronald G. Pierce, a Colorado state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's decision

dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus, based on

various alleged failures to investigate his mental capacity, allegations of

ineffective assistance of counsel, prosecutorial misconduct and purported

violations of his plea agreement. Mr. Pierce also seeks to proceed in forma

_____

[*] Pursuant to Fed. R. App. P. 43(c)(2), John W. Suthers, Ken Salazar's
successor, has been automatically substituted as a party to this appeal.

pauperis ("IFP").  Because we determine that he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the matter.  We grant his motion to proceed IFP.

## I. BACKGROUND

In June 1988, Mr. Pierce pleaded guilty to two counts of felony murder with stipulated consecutive life sentences, in exchange for the government to withdraw its request for the death penalty.  The plea agreement included an agreement that if Mr. Pierce cooperated with the district attorney's office's investigation regarding other involved parties, and testified to that regard, that the district attorney would not object to Mr. Pierce's request that the sentences run concurrently.  During the course of the plea negotiations, Mr. Pierce was represented by three separate attorneys.  Mr. Pierce did not file a direct appeal.

In March 1989, Mr. Pierce filed a postconviction motion to withdraw his guilty pleas pursuant to Colo. R. Crim. P. 35(c), alleging ineffective assistance of counsel and challenging the validity of his guilty plea.  Over the next decade, two separate attorneys were appointed to assist Mr. Pierce.  The first attorney was allowed to withdraw in 1996, and the second in 1999.  Thereafter, Mr. Pierce proceeded pro se, and filed another postconviction motion that alleged he was legally incompetent to proceed.  After two hearings and a mental health examination, Mr. Pierce was determined to be legally competent to proceed.  In

2

2000, the trial court conducted an evidentiary hearing on the original Rule 35(c) motion and denied it on the merits. In 2001, the Colorado Court of Appeals affirmed the trial court, and on April 29, 2002, the Colorado Supreme Court denied Mr. Pierce's petition for a writ of certiorari.

On August 12, 2002, Mr. Pierce filed a timely petition under 28 U.S.C. § 2254, alleging five errors related to his plea bargain:

1. violations of his Fifth, Sixth and Fourteenth Amendment rights when the trial judge, prosecuting attorney and defense counsel failed to properly investigate his mental state of mind before he entered the plea bargain,

2. denial of the right to effective assistance of counsel when counsel failed to (a) investigate the case, (b) secure expert testimony, (c) request evaluation of his mental state, and (d) when trial counsel functioned as a "third arm" for the prosecution,

3. denial of his constitutional rights when the trial court failed to determine that his guilty pleas were knowingly, voluntarily, and intelligently made,

4. violation of his right to due process when the prosecution (a) failed to follow the provisions of the plea agreement, (b) failed to inquire into his mental functioning, and (c) when the prosecution coerced him into pleading guilty, and

5. denial of constitutional rights when the trial court denied him (a) counsel in his postconviction hearings, and (b) the right to testify due to the refusal to appoint advisory counsel.

3

The state argued that Mr. Pierce did not exhaust his final claim. The magistrate judge recommended dismissal of each of the above claims, and recommended the denial of habeas relief. He found the fifth claim meritless and dismissed it without reference to exhaustion. *See Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002).

The district court adopted the magistrate judge's report and recommendation, and denied Mr. Pierce's application for a certificate of appealability. Mr. Pierce can only prevail on those claims in this federal habeas proceeding if he can demonstrate that the state court's ruling, rejecting each of his claims, was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). For substantially the same reasons provided in the magistrate judge's thorough and well-reasoned report and recommendation, we reject Mr. Pierce's arguments.

## II. DISCUSSION

"[U]ntil a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals for habeas petitioners." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). A COA can issue only "if the applicant has made a

4

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

Mr. Pierce raises the same five issues before us. First, as to the failure to investigate Mr. Pierce's competency when he pleaded guilty, the state courts reviewed evaluations from two psychiatrists and a neurologist, who found no concerns about Mr. Pierce's mental condition. Second, Mr. Pierce cannot establish ineffective assistance of counsel. "[T]he two-part *Strickland v. Washington,* [466 U.S. 668, 687 (1984)] test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. We agree with the magistrate judge's recommendation that, "[g]iven the strength of the government's case against [Mr. Pierce], to include the unsuppressed confession and testimony of witnesses, the seriousness of the crimes with which [Mr. Pierce] was charged, and the success at negotiating a plea agreement that significantly limited [his] exposure under the charges, there is no reasonable probability that

5

[Mr. Pierce] would have insisted on going to trial." Rec. vol. I, doc. 27, at 14 (Recommendation for Dismissal, filed July 2, 2003).

Third, the trial court did inquire as to whether Mr. Pierce's plea bargain was knowing, intelligent, and voluntary, as evidenced in the plea colloquy. As to Mr. Pierce's fourth contention, alleging prosecutorial misconduct, the plea agreement does not specify that the government was obliged to approach Mr. Pierce with respect to the prosecution of other involved parties. Similarly, the record does not support Mr. Pierce's allegations regarding coercion and failure to inquire into his mental state. Finally, we agree that there is no constitutional requirement for the appointment of counsel in postconviction collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). As such, Mr. Pierce has failed to raise a constitutional question.

We have carefully reviewed Mr. Pierce's brief, the magistrate judge's report and recommendation, district court's disposition, and the record on appeal. Nothing in the record on appeal or Mr. Pierce's filings raises an issue which meets our standards for the grant of a COA. For substantially the same reasons as set forth by the district court and magistrate judge, we cannot say that Mr. Pierce "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### III. CONCLUSION

We DENY Mr. Pierce's request for a certificate of appealability, GRANT

6

his motion to proceed IFP, and DISMISS the matter.

Entered for the Court,

Robert H. Henry
Circuit Judge