FILED
United States Court of Appeals
Tenth Circuit

August 16, 2016

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL W. WOOD,

        Petitioner - Appellant,

v.

TRACY MCCOLLUM, Warden,

        Respondent - Appellee.

No. 16-6067
(W.D. Okla.)
(D.C. No. 5:13-CV-00628-M)

---

**ORDER**

---

Before **HARTZ**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

Petitioner Michael W. Wood is an Oklahoma state prisoner. In 2010, Wood pleaded guilty to first degree murder and was sentenced to life imprisonment without the possibility of parole. After his conviction, Wood sought a writ of certiorari from the Oklahoma Court of Criminal Appeals ("OCCA"), arguing he should be permitted to withdraw his plea and proceed to trial. The OCCA denied certiorari on November 29, 2012, rejecting all five of Wood's arguments. Although Wood did not seek post-conviction relief in Oklahoma state court, he filed a federal application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Wood's § 2254 application was referred to a federal magistrate judge who prepared a Report and Recommendation ("R&R"). The R&R identified seven grounds for relief in Wood's habeas application, noting these claims were largely duplicative of the ones Wood previously raised on direct appeal to the OCCA. Wood's claim the OCCA violated his due process and equal protection rights ("Ground Six"), however, was unexhausted because Wood had not sought relief in state court. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring a petitioner in state custody to first "exhaust[] the remedies available in the courts of the State" before filing a federal habeas application).

Respondent asked the district court to deny the unexhausted claim on the merits. Wood asked the court to either dismiss Ground Six without prejudice or to "retain jurisdiction" while he exhausted the claim in state court. The R&R recommended (1) denying Wood's request to stay the proceedings and hold the § 2254 application in abeyance while he exhausted his claim and (2) granting Wood's request to dismiss the claim without prejudice. The R&R recommended denying the remainder of Wood's claims on the merits. The district court entered an order adopting the R&R, denying the habeas application with prejudice on the merits with the exception of Ground Six which was dismissed without prejudice for failure to exhaust available state remedies.

Wood does not contest that Ground Six is currently unexhausted, rendering his § 2254 petition a "mixed petition" containing both exhausted and unexhausted

claims. A district court confronted with a mixed petition may either "(1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). The court may also permit the petitioner to delete the unexhausted claim from his petition and proceed only on the exhausted claims, *Rose v. Lundy*, 455 U.S. 509, 510 (1982), or, if the equities favor such an approach, it may stay the federal habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims, *Rhines v. Weber*, 544 U.S. 269, 279 (2005).

In this matter, the district court disposed of Wood's § 2254 petition by denying all claims but one on the merits and dismissing the remaining claim without prejudice. This approach to a mixed petition is specifically foreclosed by our precedent. *Moore*, 288 F.3d at 1232. A district court may not dispose of a mixed petition in a hybrid fashion by adjudicating the exhausted claims on the merits and dismissing the unexhausted claim(s) without prejudice. *Id*. at 1235–36 (reversing a hybrid dismissal).

On July 7, 2016, we issued an order to show cause why this court should not summarily reverse the district court's hybrid dismissal of Wood's § 2254 petition, and remand the matter for a disposition consistent with our precedent. On July 14, 2016, Respondent filed its response to our order to show cause, acknowledging the district court's hybrid dismissal should be reversed and this

matter should be remanded under the reasoning in *Moore*. Wood filed his response on July 25, 2016, asserting he has no objection to applying the "ruling and/or reasoning" in *Moore* to his mixed petition.[1]

Based on the foregoing, we **reverse** the district court's hybrid dismissal of Wood's § 2254 petition, and **remand** to the district court with instructions to vacate its judgment and dispose of Wood's petition in a manner consistent with *Moore*.

---

[1] Wood's motion to proceed *in forma pauperis* is **granted**.