FILED
United States Court of Appeals
Tenth Circuit

September 19, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GREGORY M. HAWES,

     Petitioner - Appellant,

v.

MICHAEL PACHECO, Warden,
Wyoming State Penitentiary; WYOMING
ATTORNEY GENERAL,

     Respondents - Appellees.

No. 18-8013
(D.C. No. 1:17-CV-00052-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Gregory M. Hawes filed a 28 U.S.C. § 2254 application challenging his

Wyoming conviction for kidnaping. The district court dismissed one claim without

prejudice for failure to exhaust and denied the other claims on the merits. This court

granted a limited certificate of appealability concerning this hybrid disposition of a

mixed § 2254 application and ordered the parties to address the proper remedy.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Both parties have responded, and Mr. Hawes has replied to the government's response. Mr. Hawes suggests that, notwithstanding the hybrid disposition, this court should take jurisdiction and rule on the merits of his claims, including the unexhausted claim. But in these circumstances, we cannot consider the merits of the habeas claims. In both *Wood v. McCollum*, 833 F.3d 1272, 1274 (10th Cir. 2016), and *Moore v. Schoeman*, 288 F.3d 1231, 1232, 1236 (10th Cir. 2002), we held that when a district court improperly dismisses unexhausted claims while ruling on the merits of exhausted claims, we must reverse and remand for the district court to decide the application in accordance with the precedents regarding mixed habeas applications. Recognizing that we are bound by *Wood* and *Moore*, the government acknowledges that the district court's decision is improper and concedes that the matter should be remanded for further proceedings.

As we did in *Wood*, we reverse the district court's hybrid disposition of the § 2254 application and remand to the district court with instructions to vacate its judgment and dispose of Mr. Hawes' petition in a manner consistent with *Moore*. Mr. Hawes' motions to supplement the record dated August 31, 2018, and September 7, 2018, are denied, and his other pending motions are denied as moot.

Entered for the Court


Allison H. Eid
Circuit Judge