**UNITED STATES COURT OF APPEALS**

**December 4, 2018**

**TENTH CIRCUIT**

JUAN BUSTOS-CHAVEZ,

        Petitioner - Appellant,

v.

MATTHEW HANSEN; CYNTHIA
COFFMAN, Attorney General of the
State of Colorado,

        Respondents - Appellees.

No. 18-1286
(D.C. No. 1:17-CV-02320-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BACHARACH**, **MURPHY,** and **MORITZ**, Circuit Judges.

Petitioner, Juan Bustos-Chavez, a Colorado state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

Bustos-Chavez was convicted by a Colorado jury of attempt to commit manslaughter, first degree assault, second degree kidnapping, third degree assault,

and menacing. After his convictions were affirmed by the Colorado Court of Appeals, the Colorado Supreme Court denied certiorari. Bustos-Chavez then filed a state post-conviction application pursuant to Colo. R. Crim. P. 35(c). His application was dismissed as untimely.

On September 25, 2017, Bustos-Chavez filed the instant § 2254 habeas application, raising the following issues: (1) his trial counsel was ineffective for failing to arrange an interpreter for out-of-court communications, (2) his trial counsel was ineffective for failing to investigate and present an alibi defense and failing to adequately prepare for cross-examination, and (3) his due process rights were violated by the admission of prior bad acts into evidence. The district court ordered Respondents to file a pre-Answer response, addressing the affirmative defenses of timeliness and exhaustion of state remedies. Respondents asserted that all of Bustos-Chavez's claims were procedurally barred.

In a well-reasoned order, the district court explained why all of Bustos-Chavez's claims should be dismissed. As to the two ineffective assistance claims, the district court concluded Bustos-Chavez failed to present them to the Colorado Court of Appeals in a timely post-conviction motion. Because the claims were procedurally defaulted in state court, they were procedurally barred from federal habeas review. *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000). The district court further concluded that Bustos-Chavez had not shown cause and actual prejudice for the default or a fundamental miscarriage of justice. The court

specifically rejected Bustos-Chavez's argument that he is actually innocent, concluding he had not introduced new reliable evidence to support his allegations of constitutional error. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

As to Bustos-Chavez's remaining claim, the district court concluded it was unexhausted because it had not been fairly presented to the Colorado courts as a federal constitutional violation. *Duncan v. Henry*, 513 U.S. 364, 366, (1995) (holding a § 2254 habeas claim is not exhausted unless it was presented to the state courts as a federal constitutional claim). The district court further ruled this unexhausted claim would be procedurally barred by an independent and adequate state rule if Bustos-Chavez attempted to raise it in state court. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought."). Thus, the claim was subject to an anticipatory procedural bar. *See Moore v. Schoeman*, 288 F.3d 1231, 1233 n. 3 (10th Cir. 2002) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it."). After concluding Bustos-Chavez

failed to demonstrate cause for the default and actual prejudice or a fundamental miscarriage of justice, the district court ruled the third claim was procedurally barred from federal habeas review and dismissed it.[1] *See Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) ("Claims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.").

The granting of a COA is a jurisdictional prerequisite to Bustos-Chavez's appeal from the denial of his § 2254 petition. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). Bustos-Chavez is not entitled to a COA unless he makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Bustos-Chavez has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework"

---

[1]The district court also ruled that any appeal from its order of dismissal would not be taken in good faith and therefore *in forma pauperis* status was denied for the purpose of an appeal. We also **deny** Bustos-Chavez's application to proceed *in forma pauperis* on appeal. He is ordered to immediately remit the full balance of the appellate filing fee.

applicable to each of his claims. *Id.* Bustos-Chavez need not demonstrate his appeal will succeed to be entitled to a COA, but he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having reviewed Bustos-Chavez's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller–El*, we conclude Bustos-Chavez is not entitled to a COA. Reasonable jurists could not debate the correctness of the district court's ruling that the three claims raised in Bustos-Chavez's § 2254 petition were subject to either a procedural bar or an anticipatory procedural bar. Accordingly, this court **denies** Bustos-Chavez's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge