FILED
United States Court of Appeals
Tenth Circuit

November 27, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM D. MAY,

    Petitioner - Appellant,

v.

JAMES HEIMGARTNER, Warden,

    Respondent - Appellee.

No. 19-3206
(D.C. No. 5:17-CV-03095-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

William May, a Kansas state prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his amended

28 U.S.C. § 2254 petition for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring a COA to appeal "the final order in a habeas corpus proceeding in which the

detention complained of arises out of process issued by a State court"). The federal

district court dismissed Mr. May's amended petition as a "mixed petition" containing

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. May is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

both exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005). Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

## I. BACKGROUND

### A. *State Conviction and Direct Appeal*

Mr. May was convicted of reckless second-degree murder and a domestic battery misdemeanor. He was sentenced to 138 months in prison, 180 days in jail, and 36 months of post-release supervision. Mr. May appealed to the Kansas Court of Appeals ("KCOA"), arguing the Kansas district court failed to give certain jury instructions and violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The KCOA affirmed Mr. May's convictions and sentences and the Kansas Supreme Court denied review. *State v. May*, 274 P.3d 46, 2012 WL 1352827, at *1 (Kan. Ct. App. Apr. 12, 2012) (unpublished).

### B. *State Post-Conviction Petition and Appeal*

Mr. May moved under § 60-1507 of the Kansas Code for post-conviction relief, arguing his appellate counsel provided ineffective assistance ("IAC"). Mr. May's post-conviction counsel advised the Kansas district court during a preliminary hearing that Mr. May had also raised IAC claims against his trial counsel. The court denied Mr. May's § 60-1507 petition because his IAC claims against his appellate counsel did not

present triable issues and his IAC claims against his trial counsel were untimely. ROA at 98.[2]

Mr. May appealed pro se, alleging new IAC claims against his post-conviction counsel for failing to pursue IAC claims against his trial counsel. The KCOA affirmed the district court's judgment. *See May v. State*, 369 P.3d 340, 2016 WL 1391776, at \*3 (Kan. Ct. App. Apr. 8, 2016) (unpublished). It determined that Mr. May had "waived and abandoned" his IAC claims against appellate counsel "[b]y failing to brief and argue" them and that he had failed to challenge the district court's ruling denying his IAC claims against trial counsel. *Id.* The KCOA further rejected the new IAC claims against his post-conviction counsel as improperly raised for the first time in his KCOA appeal. The Kansas Supreme Court again denied review.

## C. *Section 2254 Petition*

Mr. May then filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. The petition alleged eight claims: two IAC claims against his appellate counsel, two IAC claims against his trial counsel, three IAC claims against his post-conviction counsel, and one claim alleging the KCOA erred in affirming the state district court's denial of his § 60-1507 motion without conducting an evidentiary hearing.

---

[2] *See* Kan. Stat. Ann. § 60-1507(f) (2014) (requiring petitions for post-conviction relief to be brought within one year of the final order unless to prevent a manifest injustice).

### 1. June 2017 Order

In its June 2017 order, the district court denied all eight claims. It determined the three IAC claims against post-conviction counsel were statutorily barred by 28 U.S.C. § 2254(i) and the IAC claims against his appellate and trial counsel were procedurally defaulted unless he showed (1) "cause" for failure to exhaust and resulting prejudice or (2) a fundamental miscarriage of justice. ROA at 34-36 (citing *Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014)).[3] The court advised that he could amend the petition to present the exhausted claims from his direct appeal "concerning jury instructions and *Apprendi*." *Id*. at 35.

### 2. October 2017 Order

Rather than file an amended petition, Mr. May filed a motion requesting a stay and abeyance. In its October 2017 order, the district court declined to stay the matter because Mr. May could not show the "good cause" for failure to exhaust required for a stay and abeyance under *Rhines*, 544 U.S. at 278. It explained that Mr. May had not sought permission in state court to proceed in a motion under § 60-1507 on his IAC claims against post-conviction counsel. The court granted Mr. May one month to show cause as to why his petition should not be dismissed without prejudice.

---

[3] The district court did not directly address Mr. May's claim that the KCOA erred in affirming the state district court's denial of his § 60-1507 motion without conducting an evidentiary hearing.

### 3. **August 2018 Order**

Mr. May responded that his post-conviction counsel's failure to present his unexhausted claims was the cause for his failure to exhaust. He requested permission to proceed in a second § 60-1507 post-conviction action and enclosed motions for an evidentiary hearing and to appoint counsel.

In its August 2018 order, the district court determined Mr. May had failed to show cause for failure to exhaust and that the Kansas state courts, not the federal court, would have needed to address whether Mr. May could proceed in a second or successive § 60-1507 post-conviction action. The court denied both motions but granted Mr. May a one-month extension to amend his petition and present the properly exhausted claims from his direct appeal. It warned that if Mr. May "cho[se] not to do so within the time allowed, [it] [would] dismiss [the] petition." *Id.* at 52.

### 4. **September 2019 Order**

Mr. May then filed an amended § 2254 petition presenting nine claims for relief. Claims (1) through (8) were the same as in the original petition, but Claim (9) newly raised the "jury instruction and *Apprendi*" claims made in Mr. May's direct appeal. *Id.* at 73. He also filed a "motion for resentence," *id.* at 54, and a "motion for illegal sentence," *id.* at 58.

In September 2019, the district court denied Mr. May's amended § 2254 petition in its entirety as a "mixed petition" "contain[ing] both exhausted and unexhausted claims." *Id.* at 100 (quoting *Pliler v. Ford*, 542 U.S. 225, 227 (2004)). The court said the

amended petition was "mixed" because Claims (1) through (8) were unexhausted and Claim (9) was exhausted in the direct appeal. *Id.* at 101. It said a district court "presented with a mixed petition . . . has [a] few options": (1) "[d]ismiss the mixed petition in its entirety"; (2) stay and abate for the petitioner to exhaust the unexhausted claims in state court; (3) "permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims"; or (4) under 28 U.S.C. § 2254(b)(2), "ignore the exhaustion requirement . . . and deny the petition on the merits if none of the . . . claims has any merit." *Id.* at 100 (quoting *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009)).

The court chose the first option and dismissed the petition in its entirety. It rejected the stay and abate option because Mr. May failed to show (1) "good cause" for failure to exhaust and (2) that the unexhausted claims were potentially meritorious. *Id.* (quoting *Rhines*, 544 U.S. at 277). It declined to re-offer Mr. May the option to "dismiss his unexhausted claims and proceed on . . . [t]he sole exhausted [Claim (9)]" because the court already had "given [Mr. May] multiple opportunities" to do so. *Id.* at 100-01. It declined to "definitively state" the unexhausted and exhausted claims lacked merit under § 2254(b)(2) because the former "[had] not been developed in the state courts," making it "simply unclear whether [Mr. May] might have prevailed." *Id*. at 101. The court also denied the "motion for resentence" and "motion for illegal sentence" for failure to exhaust. *Id*. at 102.

6

Mr. May timely appealed.  In his brief to this court, he asserts the same Claims (1) through (8) as in his amended § 2254 petition while omitting Claim (9).  He moves this court to conduct an evidentiary hearing and to appoint counsel.

## II. **DISCUSSION**

### A. *COA Requirements*

We must grant a COA to review a § 2254 petition.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To receive a COA, a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, the district court denied Mr. May's habeas petition on procedural grounds "without reaching the prisoner's underlying constitutional claim," we will grant a COA only if the petitioner demonstrates both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added).  Because we may resolve whichever issue presents the "more apparent" answer, we begin and end our discussion with the district court's procedural ruling.  *Id.* at 485.

### B. *Rules for Mixed Petitions*

A state prisoner seeking federal habeas relief must exhaust available state court remedies before filing a § 2254 petition.  28 U.S.C. § 2254(b)(1)(A).  To satisfy the exhaustion requirement, prisoners must fairly present their claims to the state's highest

7

court—either by direct appeal or in a post-conviction attack—before asserting the claims in federal court.  *See Fairchild*, 579 F.3d at 1151.

In general, federal district courts may not adjudicate mixed petitions and must dismiss them in their entirety.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).  This rule of total exhaustion, however, "is not absolute."  *Harris v. Champion,* 48 F.3d 1127, 1131 n.3 (10th Cir. 1995).  A district court presented with a mixed petition has three other options.  *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

First, a district court may stay and abate a case, allowing a petitioner to "return[] to state court to exhaust his previously unexhausted claims" under "limited circumstances."  *Rhines*, 544 U.S. at 275, 277.[4]  A district court's denial of a stay and abate would likely be an abuse of discretion if a petitioner had (1) "good cause for his failure to exhaust," (2) "potentially meritorious" unexhausted claims, and (3) "no indication . . . [of] intentionally dilatory litigation tactics."  *Id*. at 278; *see also Kell v. Benzon*, 925 F.3d 448, 468 (10th Cir. 2019).

Second, "[t]he court may also permit the petitioner to delete the unexhausted claim from his petition and proceed only on the exhausted claims."  *Wood*, 833 F.3d at 1273 (citing *Lundy*, 455 U.S. at 510).

---

[4] The total exhaustion requirement in 28 U.S.C. § 2254(b)(1)(A) and the 1-year statute of limitations in 28 U.S.C. § 2244(d) can foreclose "mixed petitions" from federal review.  *Id*. at 275.  *Rhines* permitted district courts to use a "stay and abeyance" procedure "in limited circumstances" to avoid this result.  *Id*. at 275, 277.

Third, a petition "may be denied on the merits" in its entirety, notwithstanding the failure to exhaust. 28 U.S.C. § 2254(b)(2). This option is available only if the court denies both the unexhausted and exhausted claims. *See Moore v. Schoeman*, 288 F.3d 1231, 1235-36 (10th Cir. 2002) (explaining § 2254(b)(2) permits "deny[ing] the entire petition on the merits," but not a "hybrid approach").

## C. *Analysis*

We deny a COA because reasonable jurists could not debate the district court's procedural ruling to dismiss Mr. May's mixed habeas petition in its entirety. After giving Mr. May ample opportunity to avoid dismissal of his mixed petition, the district court correctly declined to (1) stay and abate the case because Mr. May failed to show the elements required under *Rhines*, 544 U.S. at 278; (2) offer Mr. May another chance to delete the unexhausted claims; or (3) dismiss his unexhausted and exhausted claims on the merits.

## 1. **Stay and Abeyance**

As discussed above, a stay and abeyance is appropriate if the petitioner shows (1) "good cause for his failure to exhaust," (2) "potentially meritorious" unexhausted claims, and (3) no "dilatory litigation tactics." *Rhines*, 544 U.S. at 278. The district court declined to stay and abate Mr. May's petition because he failed to show good cause.[5]

---

[5] Because the district court found it was unclear whether petitioner might have prevailed on the unexhausted claims, it follows the court refused to stay and abate because the petitioner had failed to show "good cause."

9

Our review of his filings shows Mr. May offered no good cause showing in district court to justify a stay and abeyance.

## 2. Dismiss and Proceed

In its September 2019 order, the district court declined to provide Mr. May with another opportunity to dismiss his unexhausted claims and proceed with the exhausted claims. The court previously provided Mr. May with multiple opportunities to proceed with only the exhausted claims, including in its June 2017, October 2017, and August 2018 orders. *See, e.g.*, *Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008) (determining "ample opportunity to amend" where petitioner twice failed to properly amend). In its August 2018 order, the court specifically warned that if Mr. May "cho[se] not to [properly amend his petition] within the time allowed, the [c]ourt [would] dismiss [the] petition." ROA at 52. The district court was more than generous and cannot be faulted for not offering yet another opportunity for Mr. May to shed his unexhausted claims.

## 3. Deny on Merits

The district court also declined to dismiss Mr. May's unexhausted and exhausted claims on the merits under 28 U.S.C. § 2254(b)(2). The court could not assess the merits of the unexhausted claims because they had "not been developed in the state court," and it was "simply unclear whether [Mr. May] might have prevailed in any of them." *Id*. at 101. Given Mr. May's failure to pursue these claims in state court proceedings, the interests of comity and federalism would not be "better served" if the court had addressed

10

and dismissed the unexhausted and exhausted claims on the merits. *Harris*, 48 F.3d at 1131 n.3. We find no error in the district court's analysis.

## III. **CONCLUSION**

Reasonable jurists could not debate the correctness of the district court's procedural ruling in dismissing the petitioner's mixed petition in its entirety. We deny a COA and dismiss this matter. We also deny the petitioner's requests to conduct an evidentiary hearing and to appoint counsel.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge