**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**March 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CLARISSA MARIE MARS,

    Petitioner - Appellant,

v.

TAMIKA WHITE, Warden,

    Respondent - Appellee.

No. 24-6038
(D.C. No. 5:23-CV-00606-JD)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Clarissa Marie Mars, an Oklahoma prisoner, filed in district court an application

for relief under 28 U.S.C. § 2254.  The court dismissed it on the ground that one of her

claims was untimely and the others were unexhausted.  We granted a certificate of

appealability (COA) on the exhaustion issue.  We now reverse and remand for further

proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

## I. BACKGROUND

### A.    State Proceedings

Mars was convicted in Oklahoma state court in 2015.  In 2020 she filed an application for postconviction relief in state court, arguing that the State of Oklahoma lacked subject-matter jurisdiction over her case under *McGirt v. Oklahoma*, 591 U.S. 894 (2020), because she was a member of the Citizen Potawatomie Nation at the time of the offense, and she committed the offense within the boundaries of the Chickasaw Nation Reservation.  *See id.* at 897-99, 937-38 (holding that the territory in Oklahoma reserved for the Creek Nation since the 19th century remains "'Indian country'" for purposes of exclusive federal jurisdiction over "certain enumerated offenses" committed "within 'the Indian country'" by an "'Indian.'" (quoting 18 U.S.C. § 1153(a))).  The state trial court granted the application in light of an OCCA decision—*Bosse v. State*—granting postconviction relief and invalidating on Indian-country-jurisdiction grounds convictions that were final before *McGirt* was decided.  *See Bosse v. State*, 484 P.3d 286, 286 (Okla. Crim. App. 2021) (*Bosse I*).  The State did not appeal or otherwise challenge the postconviction order.  Mars was released.

Soon thereafter, the OCCA held that *McGirt* does not apply retroactively in state postconviction proceedings to void convictions that were final when *McGirt* was decided. *See State ex rel. Matloff v. Wallace*, 497 P.3d 686, 688 (Okla. Crim. App. 2021).  It withdrew its decision in *Bosse I* and vacated its state trial court's order granting postconviction relief.  *See Bosse v. State*, 495 P.3d 669, 669 (Okla. Crim. App. 2021) (*Bosse II*); *see also Bosse v. State*, 499 P.3d 771, 774-75 (Okla. Crim. App. 2021)

(describing procedural background and affirming denial of *McGirt* claim raised in second postconviction motion).

Based on *Matloff* and *Bosse II*, the State moved to vacate the order granting Mars's application for postconviction relief. She opposed the motion, arguing that retroactive application of *Matloff* to her would be "an *ex post facto* violation" and would violate her rights to due process and equal protection. R., vol. IV at 765-66. The court denied the State's motion, concluding it lacked authority to vacate its prior order under the Oklahoma statute governing postconviction proceedings because the State did not appeal or request a stay of the order granting postconviction relief. The court did not address Mars's constitutional arguments.

The State filed a petition in the OCCA for a writ prohibiting enforcement of the order denying the motion to vacate and directing the state trial court to grant the motion and reinstate Mars's conviction and sentence. Although the OCCA had granted Mars's motion for leave to respond to a petition for an extraordinary writ the State had filed earlier in the postconviction proceedings, she did not seek leave to file a response to this petition. The OCCA held that the order vacating Mars's conviction was "not authorized by law," R., vol. IV at 868, and directed the trial court to vacate the postconviction order and reinstate her conviction and sentence.

## B.     Federal Habeas Proceedings

After the state-court postconviction proceedings concluded, Mars filed her § 2254 application. She alleged two grounds for relief: (1) the reinstatement of her conviction and sentence violated her Fourteenth Amendment right to due process (which the district

court apparently treated as incorporating her ex post facto claim**)**; and (2) *McGirt* applies retroactively to cases on collateral review.

The district court dismissed Mars's application, concluding that the *McGirt* claim was untimely and the constitutional claims were unexhausted. It held that she failed to exhaust her constitutional claims because, although she raised them in the state trial court in her objection to the State's motion to vacate the postconviction order, she could have but did not seek leave to file a response to the State's petition for an extraordinary writ. The court reasoned that she therefore did not give the OCCA an opportunity to decide them before issuing the writ. The district court denied a COA.

We granted a COA on the exhaustion issue. *See Mars v. White*, No. 24-6038, Order at 1 (10th Cir. July 25, 2024).[1]

## II.  DISCUSSION

We now conclude that reversal is required because the district court improperly dismissed Mars's unexhausted claims while ruling on the merits of her exhausted claim. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (holding that the dismissal of a § 2254 application as untimely is a decision on the merits).

The Supreme Court has held that federal district courts may not adjudicate mixed petitions for habeas corpus—that is, petitions containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Faced with a mixed petition, a

---

[1] We initially granted a COA on a second issue—whether *McGirt* applies retroactively to cases on collateral review—but we granted Respondent's motion to reconsider and vacated that portion of the order. *See Mars v. White*, No. 24-6038, Order at 1 (10th Cir. Sept. 11, 2024).

district court has four options.  *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).  First, a court may dismiss the petition in its entirety without prejudice and allow the petitioner "to return to state court to present the unexhausted claims to that court in the first instance."  *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  Second, if it determines the petitioner had good cause for failing to exhaust her claims and that her claims are not "plainly meritless," the district court may avoid possible statute-of-limitations problems by staying and holding the federal petition in abeyance while the petitioner returns to state court to raise her unexhausted claims.  *See id.* at 277.  Third, a court may determine that the petitioner's unpursued state remedies would now be procedurally barred in state court and then "instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims." *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021).  Fourth, a court may "ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit."  *Fairchild*, 579 F.3d at 1156 (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Here, the district court followed none of these permissible procedural paths and instead dismissed Mars's constitutional claims as unexhausted and her exhausted *McGirt* claim on the merits.  When a district court improperly dismisses what it determines are unexhausted claims while ruling on the merits of exhausted claims, we must reverse and remand for the district court to decide the application in accordance with the precedents

5

governing mixed habeas petitions.  *See Wood v. McCollum*, 833 F.3d 1272, 1274 (10th Cir. 2016); *Moore v. Schoeman*, 288 F.3d 1231, 1232, 1236 (10th Cir. 2002). We thus reverse the district court's hybrid disposition of Mars's § 2254 application and remand to the district court with instructions to vacate its judgment and dispose of the application in a manner consistent with the options outlined above.

Entered for the Court

Harris L Hartz
Circuit Judge